AO 241
(Rev. 10/07)

3:13CV626(VLB) Page 2

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District: CONNECTICUT |
|---|---|
| Name (under which you were convicted): RANDALL B. SAUNDERS | Docket or Case No.: |
| Place of Confinement: BROOKLYN CORRECTIONAL INST. 59 HARTFORD ROAD BROOKLYN CONNECTICUT 06234 | Prisoner No.: 253100 |
| Petitioner (include the name under which you were convicted) RANDALL B. SAUNDERS | Respondent (authorized person having custody of petitioner) v. COMMISSIONER OF CORRECTIONS |
| The Attorney General of the State of CONNECTICUT | |

FILED 2013 APR 29 P [DISTRICT COURT]

## PETITION

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   DANBURY SUPERIOR COURT
   123 WHITE STREET
   DANBURY, CONNECTICUT 06810

   (b) Criminal docket or case number (if you know): CR97-0098074

2. (a) Date of the judgment of conviction (if you know): FEBRUARY 29, 2001

   (b) Date of sentencing: MAY 30, 2001

3. Length of sentence: 27 YEARS (FLAT SENTENCE)

4. In this case, were you convicted on more than one count or of more than one crime?   ☐ Yes   ☒ No

5. Identify all crimes of which you were convicted and sentenced in this case:
   MANSLAUGHTER IN THE FIRST DEGREE WITH A FIREARM
   (53a-55a(3) - "EXTREME INDIFFERANCE TO HUMAN LIFE")

6. (a) What was your plea? (Check one)
   ☒ (1) Not guilty        ☐ (3) Nolo contendere (no contest)
   ☐ (2) Guilty            ☐ (4) Insanity plea

AO 241
(Rev. 10/07)

Page 3

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?  N/A

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury   ☐ Judge only

7. Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes   ☐ No   HABEAS CORPUS TRIAL

8. Did you appeal from the judgment of conviction?

☒ Yes   ☐ No

9. If you did appeal, answer the following:

(a) Name of court: SUPREME COURT - STATE OF CONNECTICUT

(b) Docket or case number (if you know): DOCKET 16816

(c) Result: DENIED

(d) Date of result (if you know): 2004

(e) Citation to the case (if you know): STATE V. SAUNDERS, 267 CONN. 363, 838 A.2d 186, cert. denied 541 U.S. 1036, 124 S.Ct 2113, 158 L.Ed 2d 722 (2004) (ATTACHMENT 4B)

(f) Grounds raised:

1. THE STATE FAILED TO DISPROVE THE CLAIM OF SELF-DEFENSE.

2. THE TRIAL COURT IMPROPERLY EXCLUDED EXPERT TESTIMONY IN VIOLATION OF THE CONSTITUTIONAL RIGHT TO PRESENT A DEFENSE.

3. DOUBLE JEOPARDY - BEING TRIED TWICE FOR THE SAME OFFENSE.

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241 (Rev. 10/07)

Page 4

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?  ☒ Yes  ☐ No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result: CERT. DENIED

(3) Date of result (if you know): MAY 3, 2004

(4) Citation to the case (if you know): SAUNDERS V. CONN., 541 U.S. 1036, 124 S.Ct 2113, 158 L.Ed 2d 722 (2004)

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?  ☒ Yes  ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court: SUPERIOR COURT, 20 PARK STREET ROCKVILLE, CT

(2) Docket or case number (if you know): CV 04-4000 4467

(3) Date of filing (if you know): MARCH 25, 2004

(4) Nature of the proceeding: HABEAS CORPUS TRIAL

(5) Grounds raised:

1. INEFFECTIVE ASSISTANCE OF COUNSEL - TRIAL AND APPELLATE

2. PROSECUTORIAL MISCONDUCT

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?  ☐ Yes  ☒ No

(7) Result: WITHDRAWN BY COUNSEL

(8) Date of result (if you know): JULY 27, 2005

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: SUPERIOR COURT, 20 PARK STREET ROCKVILLE, CT

(2) Docket or case number (if you know): CV 06-4000912

(3) Date of filing (if you know): JANUARY 11, 2006

(4) Nature of the proceeding: HABEAS CORPUS

(5) Grounds raised:

1. INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNCIL.

2. PROSECUTORIAL MISCONDUCT.

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes ☒ No

(7) Result: DENIED (CITING RES JUDICATA)

(8) Date of result (if you know): JANUARY 23, 2006

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: SUPERIOR COURT, 20 PARK STREET ROCKVILLE, CT

(2) Docket or case number (if you know): CV 06-40009335

(3) Date of filing (if you know): FEBRUARY 3, 2006

(4) Nature of the proceeding: HABEAS CORPUS

(5) Grounds raised:

1. INEFFECTIVE ASSISTANCE OF TRIAL AND APPELLATE COUNCIL.

2. PROSECUTORIAL MISCONDUCT.

≈AO 241 (Rev. 10/07)                                                                                             Page 6

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☒ Yes    ☐ No

(7) Result: DENIED

(8) Date of result (if you know): FEBRUARY 23, 2011

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☐ Yes    ☒ No
(2) Second petition:   ☐ Yes    ☒ No
(3) Third petition:    ☒ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:
NO APPEAL WAS AVAILABLE FROM THE FIRST AND SECOND PETITION.

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

**GROUND ONE:** PLEASE SEE ATTACHMENT - #1

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

AO 241 (Rev. 10/07)

(c) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue? ☐ Yes ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:
FACTS WERE NOT FULLY DEVELOPED UNTIL HABEAS TRIAL.

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: PETITION FOR WRIT OF HABEAS CORPUS

Name and location of the court where the motion or petition was filed:
SUPERIOR COURT
20 PARK STREET
ROCKVILLE CONNECTICUT

Docket or case number (if you know): CV06-4000933S

Date of the court's decision: FEBRUARY 23, 2011

Result (attach a copy of the court's opinion or order, if available):
PLEASE SEE ATTACHMENT - #2 -
HABEAS COURT'S MEMORANDUM OF DECISION

(3) Did you receive a hearing on your motion or petition? ☒ Yes ☐ No

(4) Did you appeal from the denial of your motion or petition? ☒ Yes ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal? ☒ Yes ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
APPELLATE COURT - STATE OF CONNECTICUT
101 LAFAYETTE STREET
HARTFORD, CT 06106

Docket or case number (if you know): A.C. 33425

Date of the court's decision: APRIL 25, 2012

Result (attach a copy of the court's opinion or order, if available):
PLEASE SEE ATTACHMENT - #4 -
APPELLATE COURT DECISION

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 10/07)

Page 8

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** PLEASE SEE ATTACHMENT - #3

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c) **Direct Appeal of Ground Two:**
  (1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No
  (2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**
  (1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
      ☒ Yes   ☐ No
  (2) If your answer to Question (d)(1) is "Yes," state:
      Type of motion or petition: PETITION FOR WRIT OF HABEAS CORPUS
      Name and location of the court where the motion or petition was filed:
          SUPERIOR COURT
          20 PARK STREET
          ROCKVILLE, CONNECTICUT
      Docket or case number (if you know): CV 06 - 4000933 S
      Date of the court's decision:
          FEBRUARY 23, 2011

Result (attach a copy of the court's opinion or order, if available):

PLEASE SEE ATTACHMENT - #2 - HABEAS COURT'S MEMORANDUM OF DECISION

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
APPELLATE COURT - STATE OF CONNECTICUT
101 LAFAYETTE STREET
HARTFORD CONNECTICUT 06106

Docket or case number (if you know): A.C. 33425

Date of the court's decision: APRIL 25, 2012

Result (attach a copy of the court's opinion or order, if available):

PLEASE SEE ATTACHMENT - #4 - APPELLATE DECISION

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Two

**GROUND THREE:**  PLEASE SEE ATTACHMENT - #5

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

AO 241 (Rev. 10/07)

(b) If you did not exhaust your state remedies on Ground Three, explain why?

(c) **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☒ Yes   ☐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: WRIT OF HABEAS CORPUS

Name and location of the court where the motion or petition was filed:
SUPERIOR COURT
20 PARK STREET
ROCKVILLE, CONNECTICUT

Docket or case number (if you know): CV 06- 4000933 S

Date of the court's decision: FEBRUARY 23, 2011

Result (attach a copy of the court's opinion or order, if available):
PLEASE SEE ATTACHMENT- #2
HABEAS COURT'S MEMORANDUM
OF DECISION

(3) Did you receive a hearing on your motion or petition?   ☒ Yes   ☐ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
CONNECTICUT APPELLATE COURT
101 LAFAYETTE STREET
HARTFORD, CONNECTICUT 06106

Docket or case number (if you know): A.C. 33425

Date of the court's decision: APRIL 25, 2012

Result (attach a copy of the court's opinion or order, if available):
PLEASE SEE ATTACHMENT- #4-
APPELLATE COURT DECISION

AO 241 (Rev. 10/07)

Page 11

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:** PLEASE SEE ATTACHMENT - #6

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

PLEASE NOTE:
GROUND FIVE - SEE ATTACHMENT - #7
GROUND SIX - SEE ATTACHMENT - #8
GROUND SEVEN - SEE ATTACHMENT - #9
GROUND EIGHT - SEE ATTACHMENT - #10

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**
(1) If you appealed from the judgment of conviction, did you raise this issue?    ☒ Yes    ☐ No
(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings**:
(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?
☒ Yes    ☐ No
(2) If your answer to Question (d)(1) is "Yes," state:
Type of motion or petition: WRIT OF HABEAS CORPUS

◈AO 241 (Rev. 10/07)                                                                                                            Page 12

Name and location of the court where the motion or petition was filed:
SUPERIOR COURT
20 PARK STREET
ROCKVILLE, CONNECTICUT

Docket or case number (if you know): CV 06- 4000933 S

Date of the court's decision: FEBRUARY 23, 2011

Result (attach a copy of the court's opinion or order, if available):
PLEASE SEE ATTACHMENT - #2 -
HABEAS COURT'S MEMORANDUM
OF DECISION

(3) Did you receive a hearing on your motion or petition?  ☒ Yes  ☐ No

(4) Did you appeal from the denial of your motion or petition?  ☒ Yes  ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ☒ Yes  ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:
CONNECTICUT APPELLATE COURT
101 LAFAYETTE STREET
HARTFORD, CONNECTICUT 06106

Docket or case number (if you know): A.C. 33425

Date of the court's decision: APRIL 25, 2012

Result (attach a copy of the court's opinion or order, if available):
PLEASE SEE ATTACHMENT - #4 -
APPELLATE DECISION

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

AO 241
(Rev. 10/07)

Page 13

13. Please answer these additional questions about the petition you are filing:

(a) Have all grounds for relief that you have raised in this petition been presented to the highest state court having jurisdiction? ☒ Yes ☐ No

If your answer is "No," state which grounds have not been so presented and give your reason(s) for not presenting them:

(b) Is there any ground in this petition that has not been presented in some state or federal court? If so, ground or grounds have not been presented, and state your reasons for not presenting them:
ALL CLAIMS HAVE BEEN EXHAUSTED.

14. Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction that you challenge in this petition? ☒ Yes ☐ No

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, the issues raised, the date of the court's decision, and the result for each petition, application, or motion filed. Attach a copy of any court opinion or order, if available.

#1 - 1983 ACTION 3:98 CV 2333 (CFD). ISSUE RAISED: DESTRUCTION OF PHYSICAL EVIDENCE. DISTRICT COURT DISMISSED WITHOUT PREJUDICE UNDER YOUNGER ABSTENTION DOCTRINE ON AUGUST 3RD, 1999. PLEASE ATTACHMENT - #11A.

#2 - 1983 ACTION 3:06 CV 1646 (AHN). ISSUE RAISED: PRIOR ATTORNEY FAILED TO RESPOND TO ORDER OF THE STATE COURT TO SUPPLY ORIGINAL TRIAL FILE. DISTRICT COURT SUMMARILY DISMISSED ON JANUARY 30, 2007, FILE NEVER RETRIEVED; NO SANCTIONS TO COUNSEL. PLEASE SEE ATTACHMENT - #11B.

#3 - ACTUAL INNOCENSE CLAIM 3:10 CV 410 (MRK), ISSUE RAISED: UNANIMOUS "NOT GUILTY" VERDICT AND WITHHELD MATERIAL EVIDENCE. DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES. PLEASE SEE ATTACHMENT - #11C.

(CON'T BELOW)

15. Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No   STATE HABEAS COURT DENIED DISCOVERY MOTIONS AGAIN.

If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the raised.

#4 - 1983 ACTION 3:12 CV 00581 (WWE). ISSUES RAISED: THIS ACTION WAS INITIATED AS A RESULT OF THE NAMED DEFENDANTS AND THEIR SUBORDINATES CONSPIRING TO AND IMPEDING ACCESS TO THE COURT. THIS ACTION IS STILL PENDING. PLEASE SEE ATTACHMENT - #11D.

AO 241 (Rev. 10/07)

Page 14

16. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N|A

(b) At arraignment and plea: JOE ROMANELLO, ASSISTANT PUBLIC DEFENDER, DANBURY, CONNECTICUT

(c) At trial: ROBERT FIELD, PUBLIC DEFENDER, DANBURY, CONNECTICUT
ROSEMARIE CHAPDALINE, ASSISTANT PUBLIC DEFENDER, DANBURY, CONNECTICUT

(d) At sentencing: SAME AS ABOVE

(e) On appeal: LISA STEELE; STEELE AND ASSOCIATES, BOLTON, MASSACHUSETTS

(f) In any post-conviction proceeding: WALTER BANSLEY IV, NEW HAVEN, CONNECTICUT
M. JEFFREY BECK, STRATFORD, CONNECTICUT

(g) On appeal from any ruling against you in a post-conviction proceeding: PRO SE

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes    ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes    ☒ No

18. TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

THERE HAVE BEEN PROPERLY FILED POST-CONVICTION REVIEWS AS DESCRIBED ABOVE. THE PERIOD BETWEEN APPLICATIONS IS WITHIN THE 365-DAY LIMITATIONS PERIOD PURSUANT TO THE A.E.D.P.A.

AO 241
(Rev. 10/07)

Page 15

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -

  (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

  (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

  (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

  (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: THE PETITIONER PRAYS THAT THIS COURT GRANT AND ISSUE A WRIT OF HABEAS CORPUS, CONDUCT SUCH HEARINGS AS MAY BE REQUIRED, AND UPON HEARING, GRANT PETITIONER RELIEF FROM HIS UNLAWFUL CONVICTION AND SENTENCE
or any other relief to which petitioner may be entitled.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____N/A_____ (month, date, year).

Executed (signed) on _____4/20/13_____ (date).

_____
Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Ground 1                                                                                          ATTACHMENT (1)

The state prosecutor's intentional invasion of attorney client privilege constituted a sixth amendment violation of Saunders' right to assistance of counsel.

Supporting facts:

During Saunders' 1st trial, assistant state's attorney Warren Murray obtained a subpoena duces tecum commanding Patricia Joy to come to court and bring with her all notes, reports, diagrams, photos, statements, documents, letters, computerized information and files related to the matter of *State v. Randall Saunders*, all photographs and negatives sent to and received from Randall Saunders, all notes, letter, memos and writings received from or sent on behalf of Randall Saunders and any recordings, tapes or videos made in regard to the matter of *State v. Randall Saunders*.

Patricia Joy is Saunders' duly appointed power of attorney, Joy complied with the subpoena. The trial court over the objection of counsel and Saunders ordered Joy to relinquish the 3 large boxes containing the subpoenaed attorney client privileged communications. The prosecutor returned the boxes the next day on the record and stated clearly and unequivocally that he observed attorney client correspondence and immediately without reading any further documents locked the 3 boxes in an evidence locker and returned them to Joy. Several years later during sworn testimony at Saunders' habeas trial, A.S.A. Murray testified that he took the 3 boxes of work product home with him and read every single document within those boxes. Murray admittedly invaded Saunders' privileged communications and work product by subpoenaing his defense files.



STATE OF CONNECTICUT

| | | |
|---|---|---|
| DOCKET NO. CV 06 4000933 | : | SUPERIOR COURT |
| | : | |
| RANDALL SAUNDERS (INMATE #253100) | : | JUDICIAL DISTRICT OF |
| | : | TOLLAND |
| V. | : | AT ROCKVILLE |
| | : | |
| WARDEN, STATE PRISON | : | FEBRUARY 23, 2011 |

MEMORANDUM OF DECISION

The petitioner, Randall Saunders, alleges in his petition for a writ of habeas corpus, filed on February 3, 2006 and amended on December 3, 2007, that his trial and appellate counsel rendered ineffective assistance. He also alleges prosecutorial impropriety. The petitioner was the defendant in a criminal case in the judicial district of Danbury, bearing docket number CR97-0098074. Initially, he was charged and tried for murder in violation of General Statutes § 53a-54a. After the jury could not reach an unanimous verdict, the trial court, *Moraghan, J.*, declared a mistrial. The petitioner was subsequently retried under a substitute information charging him with manslaughter in the first degree with a firearm in violation of General Statutes §§ 53a-55a (a) and 53a-55 (a) (1) and (3). The second jury found the petitioner guilty of manslaughter in the first degree in violation of General Statutes §§ 53a-55a (a) and 53a-55 (a) (3). On May 30, 2001, the trial court, *Holden, J.*, sentenced the petitioner to twenty-seven years to serve. Attorney Robert Field represented the petitioner at both trials.[1] The petitioner unsuccessfully appealed his conviction. See *State v. Saunders*, 267 Conn. 363, 838 A.2d 186, cert. denied, 541 U.S. 1036, 124 S. Ct. 2113, 158 L. Ed. 2d 722 (2004). Attorney Lisa Steele represented him on his direct appeal.

---

[1] Attorney Field was the third in a series of attorneys to represent the petitioner in the underlying case.



The matter came before this court for a trial on the merits on May 13, 14 and August 5, 2010. Testifying were the petitioner, Attorney Steele, Detective Roger Brooks, Officer Charles Emicke and Attorney Warren Murray, the prosecutor in the petitioner's criminal trials. Both parties submitted exhibits including, but not limited to, transcripts of the criminal proceedings and photos of evidence collected from the crime scene.

## FACTS

As stated by the Supreme Court on direct appeal, the jury reasonably could have found the following facts underlying the petitioner's conviction: "On January 26, 1997, the [petitioner] and his girlfriend, Susan Bruemmer, went to Tortilla Flat, a restaurant and bar in Danbury, after having spent the previous several hours drinking at another bar. The two remained at Tortilla Flat during the Super Bowl and continued to drink. As the [petitioner] and Bruemmer were getting ready to leave after the end of the game, Bruemmer approached the victim, Dominic Badaracco, Jr., who was seated at the bar, and struck up a conversation with him. Bruemmer was acquainted with the victim because she previously had dated his brother. The conversation soon escalated into an argument, which culminated in Bruemmer's throwing a drink in the victim's face.

"The victim then called out to the [petitioner] that he had 'better contain [his] bitch.' The [petitioner] drew a handgun, approached the victim, and placed the barrel of the gun against the victim's head or neck. A fight ensued between the [petitioner], who is approximately six feet, five inches tall and 220 pounds, and the victim, who was approximately six feet, two inches tall and 230 pounds. The men proceeded to fight. During the fight, which lasted only a short time, the victim punched the [petitioner] in the face. As a result, the defendant suffered minor injuries including a bloody nose and some

