UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED
MAR 7  9 13 AM '01
CLERK
U.S. DISTRICT COURT
HARTFORD, CONN

| | |
|---|---|
| RANDALL B. SAUNDERS | : |
| | : PRISONER |
| v. | : Case No. 3:99CV2333 (CFD)(WIG) |
| | : |
| WALTER D. FLANAGAN, et al. | : |

### RULING AND ORDER

Pending is the plaintiff's Motion of Intervention Motion to Reopen CV2333(CFD)(WIG) [Doc. ## 34-1, 34-2]. The plaintiff asks the court to reopen this civil action and intervene in his pending state criminal matter.

After careful consideration of the plaintiff's motion and the additional materials recently submitted by the parties, the court concludes that the plaintiff has not set forth sufficient facts to overcome the prohibition against interceding in state criminal matters contained in <u>Younger v. Harris</u>, 401 U.S. 37 (1971). It appears that the retrial of the criminal case has not yet concluded.

Thus, the court declines to reopen this action for the reasons stated in the Ruling on Motion to Dismiss filed August 4, 1999. The plaintiff's motion [Doc. ## 34-1, 34-2] is DENIED.

SO ORDERED this 2nd day of March, 2001, at Hartford, Connecticut.

Christopher F. Droney
United States District Judge



UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

```
RANDALL B. SAUNDERS            :
                               :           PRISONER
       v.                      :   Case No.  3:06cv1646(AHN)
                               :
WALTER C. BANSLEY III, ET AL.  :
                               :
```

RULING ON MOTION FOR RECONSIDERATION

On February 1, 2007, the court dismissed the plaintiff's complaint pursuant to the abstention doctrine set forth in Younger v. Harris, 401 U.S. 37, 49, 53-54 (1971). The plaintiff now asks the court to reconsider its ruling dismissing the complaint.

The standard for granting a motion for reconsideration is strict. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration permits the court "to correct manifest errors of law or fact or to consider newly discovered evidence . . . ." LoSacco v. City of Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993), aff'd, 33 F.3d 50 (2d Cir. 1994) (internal quotation marks and citation omitted).

The plaintiff contends that the court erred in dismissing the complaint pursuant to the 28 U.S.C. § 1915 because he did not file this action in forma pauperis. Although the plaintiff paid the filing fee to commence this action, section 1915(e)(2) permits a court to dismiss a complaint at any time, "[n]otwithstanding any filing fee . . . that may have been paid," if the court concludes that "the action . . . is frivolous or malicious; [or] . . . fails to state a claim on which relief may be granted . . . ." 28 U.S.C. §



1915(e)(2)(B)(i) and (ii).

The plaintiff also contends that the court erred in concluding that the *Younger* abstention doctrine applied to the facts of the complaint. He argues that no avenue for review of the constitutional claims set forth in his state habeas petition exists in state court. The plaintiff does not indicate that he is foreclosed from appealing any dismissal of the state habeas petition. In fact, the current docket sheet for plaintiff's state habeas petition reflects an entry regarding an appeal as well as entries regarding the filing of a notice and a new motion by the plaintiff and an order granting plaintiff's motion to waive fees and costs. See Saunders v. Warden, Case No. TSR-CV-06-4000933-S.

Accordingly, the Motion for Reconsideration [**doc. # 4**] is **GRANTED**. After careful reconsideration, the Ruling and Order dismissing the complaint [**doc. # 2**] is **AFFIRMED**.

**SO ORDERED** this __28__ day of ___August_, 2007, at Bridgeport, Connecticut.

```
                        _____/s/_____
                        Alan H. Nevas
                        United States District Judge
```

2



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| RANDALL BROOKS SAUNDERS, | : | |
| Petitioner, | : | No. 10cv410 (MRK) |
| v. | : | |
| COMMISSIONER, DEPARTMENT OF CORRECTION, | : | |
| Respondent. | : | |

### RULING AND ORDER

On March 21, 2001, a jury in the Connecticut Superior Court convicted Petitioner Randall Saunders of manslaughter in the first degree with firearm, in violation of Connecticut General Statutes § 53a-55(a)(3). Thereafter, Mr. Saunders was sentenced to a total effective sentence of 27 years incarceration. He brought this action in federal court against the Commissioner of the Department of Correction (the "Commissioner") under 28 U.S.C. § 2254. The Commissioner now moves to dismiss this action because Mr. Saunders has not exhausted his federal claims in state court. *See* Mot. to Dismiss [doc. # 17]. Because the Court agrees that Mr. Saunders has not exhausted his federal claims, and that there is no reason to excuse him from doing so, the Court GRANTS the Commissioner's Motion to Dismiss. The Court also DENIES as moot Mr. Saunders' pending Motion for Reconsideration/Clarification [doc. # 27].

I.

The Connecticut Supreme Court's opinion in *State v. Saunders*, 267 Conn. 363 (2004) ("*Saunders I*"), discusses the facts of Mr. Saunders' case and the Court will not repeat those facts

1



here. After Mr. Saunders was convicted and sentenced, he filed an appeal with the Connecticut Supreme Court. *See Saunders I*, 267 Conn. 363.[1] On January 13, 2004, the Connecticut Supreme Court affirmed Mr. Saunders' judgment of conviction. *See id.* Thereafter, Mr. Saunders sought review in the United States Supreme Court, which denied his petition for certiorari on May 3, 2004. *See Saunders v. Connecticut*, 541 U.S. 1036 (2004) ("*Saunders II*").

While his petition for certiorari was pending, Mr. Saunders also submitted a state habeas corpus petition, alleging ineffective assistance of trial and appellate counsel, insufficient evidence, double jeopardy, judicial misconduct, and prosecutorial misconduct. On the day Mr. Saunders' state habeas petition was scheduled to proceed to trial, he withdrew that petition. On January 11, 2006, Mr. Saunders filed a second state habeas petition, which the Superior Court denied on January 23, 2006. Thereafter, on February 3, 2006, Mr. Saunders filed a third state habeas petition. That action was tried over three days in August 2010. Post-trial briefs were submitted in November 2010, and the Court is informed that the Superior Court judge is working on the memorandum of decision regarding Mr. Saunders' third state habeas petition. *See* Respondent's Status Report [doc. # 32].

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996) (codified at, 28 U.S.C. § 2254), provides that before a federal court may consider a state prisoner's habeas petition, the prisoner must exhaust his available state remedies.

---

[1] Mr. Saunders initially appealed to the Connecticut Appellate Court, but because he should have taken his appeal directly to the Connecticut Supreme Court, his appeal was transferred to the Supreme Court. *See* Conn. Gen. Stat. § 51-199(b)(3) (stating that "matters [that] shall be taken directly to the Supreme Court" include "an appeal in any criminal action involving a conviction for a capital felony, class A felony, or other felony . . . for which the maximum sentence . . . exceeds twenty years"); *Saunders I*, 267 Conn. at 365 n.3.

2



*See* 28 U.S.C. § 2254(b)(1)(A); *Georgison v. Donelli*, 588 F.3d 145 (2d Cir. 2009). To do so, "a petitioner must present the substance of the same federal constitutional claims that he now urges upon the federal court to the highest court in the pertinent state." *Aparicio v. Artuz*, 269 F.3d 78, 89-90 (2d Cir.2001) (quotation marks and citations omitted). The prisoner need not wait until he has sought state habeas review, *see O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), but state high-court review of the prisoner's federal claims is a prerequisite. *See Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir.2000) (noting that a state habeas petitioner "must first have presented his claim to the highest court of the state"). In other words, federal review of a state prisoner's habeas petition is forbidden until "the state courts [are given] one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Galdamez v. Keane*, 394 F.3d 68, 73 (2d Cir.2005) (quotation marks omitted).

This exhaustion requirement is designed to "prevent[ ] prisoners who are charged with criminal offenses from rushing into federal court to advance federal claims and, instead, forces them to offer those claims at trial and on direct review in state court." Larry W. Yackle, *Federal Courts: Habeas Corpus* 152 (2003); *see Disimone v. Phillips*, 518 F.3d 124, 127 (2d Cir. 2008). "[B]y giving state courts an opportunity to correct any constitutional errors that may have crept into the state criminal process," the exhaustion requirement "pay[s] due respect to the federalist principles of our Constitution." *Edwards v. Choinski*, No. 3:05cv444 (MRK), 2005 WL 3334442, at *3 (D. Conn. Dec. 5, 2005); *see Wilwording v. Swenson*, 404 U.S. 249, 250 (1971) (per curiam).

### III.

Mr. Saunders does not seriously argue in his brief that he has exhausted his claims in state court. Instead, he claims that he is excused from the requirement of exhaustion because: (1) he is

3



actually innocent of the crime for which he was convicted; (2) there has been inordinate delay in his state habeas case; and (3) Mr. Saunders' counsel in his pending state habeas case was ineffective, and the state habeas action is therefore an ineffective route for him to address his claims. *See* Mem. in Opp'n [doc. # 30].

The Court finds that all of the arguments offered by Mr. Saunders in support of his claim that he is excused from the exhaustion requirement are without merit.

### A.

Mr. Saunders alleges that he is actually innocent of the charge brought against him in state court – manslaughter in the first degree with a firearm – and claims that this allows him to avoid exhaustion. He is wrong for two reasons. First, "[a]n exception to the exhaustion requirement may be made '*only if* there is *no opportunity* to obtain redress in state court or if the [state] corrective process is *so clearly deficient* as to render *futile* any effort to obtain relief.'" *Ellman v. Davis*, 42 F.3d 144, 149 (2d Cir. 1994) (emphasis and second alteration in original) (quoting *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)). No such situation is presented here.

"Actual innocence" cannot provide a basis for the Court to consider Mr. Saunders' unexhausted claims because there has been no showing that it would be futile for Mr. Saunders to pursue those claims in state court on account of procedural default or some other bar to relief. When state courts to which a habeas petitioner must first submit his claims would find those claims procedurally barred, "federal habeas courts must also deem the claims procedurally defaulted." *Aparicio*, 269 F.3d at 90. The state prisoner can raise his procedurally defaulted claims in federal court only if he can first show (1) cause and prejudice, or (2) that he is actually innocent. *See Clark v. Perez*, 510 F.3d 382, 393 (2d Cir. 2008). Mr. Saunders relies on the the second exception to the

4



habeas petition that asserted actual innocence as an independent constitutional ground for relief, the Fifth Circuit held in *Graham v. Johnson*, 94 F.3d 958 (5th Cir. 1996), that because the petitioner had not shown that "resort . . . to the state courts" with respect to his actual innocence claim would be futile, he was not excused from exhaustion of that claim. *Id.* at 969.[2] The Court is aware of no decision from any federal court of appeals excusing a habeas petitioner from exhausting available state remedies on the basis that the petitioner was "actually innocent."

Second, even if actual innocence were an exception to the exhaustion requirement, to demonstrate actual innocence, Mr. Saunders would have to show factual innocence, not "mere legal insufficiency" of the evidence used to convict him. *Bousley v. United States*, 523 U.S. 614, 624 (1998). As the Second Circuit noted in *Doe v. Menafee*, 391 F.3d 147 (2d Cir. 2004), when a petitioner wants to overcome a procedural bar to his petition on the basis of actual innocence, "[t]he petitioner must support his claim 'with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.'" *Id.* at 161 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995)). "To establish actual innocence, a petitioner must demonstrate that in light of all the evidence, it is more likely than not that no reasonable juror could have convicted him." *Sweet v. Bennett*, 353 F.3dd 135, 142 (2d. Cir. 2003).

In this case, eyewitnesses testified at Mr. Saunders' trial, and Mr. Saunders' defense to the

---

[2] In the context of a habeas petition like Mr. Saunders', a claim of actual innocence is "not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits." *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995) (quotation marks and citation omitted). In *Graham v. Johnson*, 94 F.3d 958, the petitioner – who was facing execution – relied on "the opinions of five justices in *Herrera v. Collins*, 506 U.S. 390 (1993), that the *execution* of an innocent person would violate the Constitution." *Graham*, 94 F.3d at 964 (emphasis added) (quotation marks omitted).



Saunders has failed to exhaust available state court remedies, nor that his failure to do so is a permissible ground for dismissing his § 2254 petition without prejudice, the Court declines to issue a Certificate of Appealability. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). **The Clerk is directed to close this file.**

                                    IT IS SO ORDERED,


                                    /s/      Mark R. Kravitz
                                    United States District Judge


**Dated at New Haven, Connecticut: February 15, 2011.**

10



:1

Randall Saunders
Enfield Correctional Institution
Inmate #253100



United States District Court
District of Connecticut



Randall Saunders
plaintiff
v.
Blair Vinton
Neva Lloyd
Hector Rivera
Does 1 thru 3

Case # 3:12cv581(WWE)

Complaint for damages

I.   This is a complaint for monetary damages and declaratory relief brought under 42 U.S.C. § 1983, § 1985 (2) and § 1986 in connection with the named defendants whom while acting under the color of the law conspired to and did violated the plaintiff's due process right to access courts in violation of Article 4 of the U.S. Constitution in addition to the privileges and immunities accorded citizens in the first and fourteenth amendments to the U.S. Constitution. Jurisdiction is based upon 28 U.S.C. § 1331, § 1332 and § 1343.

The court also has supplemental jurisdiction over state law claims.

II.   Parties

    The plaintiff Randall Saunders is a self-represented inmate in the custody of the department of correction at Enfield correctional facility.

    Defendant Blair Vinton is a captain currently employed as the administrative captain at Enfield correctional facility.

    Defendant Neva Lloyd is a lieutenant currently employed as a shift supervisor at Enfield correctional facility.

    Defendant Hector Rivera is a correctional officer currently employed as the

1



mailroom and telephone monitor at Enfield correctional facility.

Defendants Doe 1 thru 3 are to be named.

III.    All defendants are sued in their individual capacity for monetary damages and in their official capacity for declaratory relief.

IV.    Statement of facts

1. At a hearing on September 28, 2011 before *Solomon, J.*, the plaintiff[1] requested and received permission to proceed self-represented in the appeal from his habeas trial. At this hearing attorney Martin Zeldis, chief of legal services, state of Connecticut, stated he was going to send the entire appellate file to Saunders at the Enfield Correctional Institution.

2. December 17, 2011 Saunders wrote to attorney Zeldis requesting that he forward that file as soon as possible. Zeldis responded on December 21, 2011 clearly stating that he had sent that file on October 4, 2011, he attached a copy of the transmittal letter which stated "Please take care to maintain these files as there are no copies."

3. After being informed that the original appellate file had been sent to Enfield C.I. over 2 months earlier, a search was requested by way of the officer in the admissions and processing room (A/P room).

4. That officer called the central post office and spoke with officer McClain whom after an extensive search called the A/P room and confirmed no such package was in the central post office.

5. On January 3, 2012 at 1:30 PM Saunders was summoned to the shift supervisor's office. Upon arrival defendant Lloyd had a box at her feet that she

---

[1] Hereinafter referred to as Saunders.

2

presented as the file in question. She clearly and unequivocally stated that this file was at Osborne Correctional Institution where it remained since its delivery on or about October 12, 2011.

6. A cursory visual inspection of the box revealed it was clearly addressed to Saunders at Enfield C.I. with "legal mail" stamped in excess and a return address of chief of legal services. It also plainly appeared to have been opened. Defendant Lloyd reached down and pulled on the box cover, that cover opened about 8 inches before the reattached disheveled tape prevented it from opening further. Defendant Lloyd stated, "It wasn't opened all the way."

7. When defendant Lloyd removed the cover, the contents of this legal file had been literally dissected. The formerly bound documents were out of numerical order with binders thrown to the bottom of the box, further review confirmed known original documents and evidence were removed and remain unaccounted for.

8. Saunders objected and requested Lloyd to return this file to its sender to which she replied, "How do you suggest I do that?" and refused to return it to attorney Zeldis.

9. When Saunders objected, defendant Lloyd retaliated and ordered him to relinquish his additional work product files which are now stored out of his custody and control. Days later Saunders requested access and was told, "nobody has a key".

10. Defendant Vinton entered the supervisor's office, Lloyd instructed Saunders to pose his questions to Vinton. Saunders asked Vinton if the department of correction is going to take financial responsibility for storing thousands of dollars

in legal books and documentation to which he replied, "You can just send them home."

11. January 8, 2012 Saunders filed an administrative remedy. These documents were sealed in a manila envelope with "Administrative Remedy, time sensitive legal issue" written on the envelope with Saunders housing unit and number in top left corner.

12. On January 12, 2012 Saunders was summoned to the grievance coordinator's office. Upon arrival he was informed that his grievance was sent to Carl Robinson Correctional facility. He was also informed that the administrative remedy form was incorrect and the coordinator would not be able to address his concerns.

13. Saunders informed the coordinator that upon his request a corrections officer went to the administrative building and was provided with that form. He was instructed to rewrite the complaint, make it fit within 1 page. When Saunders asked about attached exhibits, he was simply told, "I don't know what to tell you."

14. Saunders dictated his grievance over the phone to his power of attorney and had a copy sent to commissioner of correction with a copy to the warden of Enfield C.I. The deputy warden maintained he will investigate to resolution.

Acts of Retaliation

15. Prior to being transferred to Enfield C.I. Saunders was directed to send home his legal files with further direction that if he needed documentation his power of attorney[2] should stamp "legal correspondence" on the package and it would be

---

[2] Power of attorney designation was specific to avoid claims of 3rd party waiver that could subject files to subpoena.

4



## CERTIFICATE OF SERVICE

On April 27, 2013 I served this document within by depositing a true copy thereof in a postage prepaid envelope in a depository within the exclusive care of the United States Postal Service addressed to all parties of record.

Respectfully submitted,

*/s/ R.B.S.*

Randall B. Saunders 253100
Brooklyn Correctional Institution
59 Hartford Rd.
Brooklyn, CT 06234
Tel. 860.779.4500

Office of the Attorney General
55 Elm Street
Hartford, CT 06106

(121)