UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

RANDALL SAUNDERS

                                                    PRISONER
v.                                          Case No. 3:13CV626 (MPS)

COMMISSIONER OF DEP'T
OF CORRECTIONS

## RULING ON PENDING MOTIONS

The petitioner, currently incarcerated at Enfield Correctional Institution, paid the filing

fee to commence this habeas action pursuant to 28 U.S.C. § 2254 challenging his 2001

manslaughter conviction.  Pending before the Court are multiple motions filed by the petitioner.

**I.       Motion for Third Party Subpoena [Doc. No. 28]**

The petitioner seeks to subpoena Jon Russell or the current chief engineer of Presence

Studios in Weston, Connecticut, to produce a copy of the "Exabyte 112M 8 MM back up tape,"

which includes a recording of the Danbury New Street Fire Station's 911 Emergency

Transmission dated January 26, 1997.  The motion seeking a subpoena form is granted.  The

Court directs the Clerk to send the petitioner a subpoena form.  *See* Fed. R. Civ. P. 45(a)(3)("The

clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it.  The party

must complete it before service.")  The petitioner is responsible for service of the subpoena.[1]

---

[1]  The Court notes that the petitioner filed a motion to preserve the same 911 Tape referenced in this action in a prior
habeas petition challenging the same conviction.  *(See Saunders v. Commissioner*, Case No. 3:10cv410 (MRK),
Mot. Preserve Evidence, Doc. No. 10.)  In denying the motion, the Court noted that the petitioner had copies of the
911 Tape known as Tape 26 and that the original 911 Tape was in the possession of the Danbury Fire Department.
(*See* Rul. Mot. Dismiss, Doc. No. 34.)  In responding to the Court's Ruling, the respondent noted that a Senior
Assistant Supervisory State's Attorney had requested that the City of Danbury Fire Department preserve the original
911 Tape in connection with a state habeas petition filed by the petitioner challenging the same conviction. (*See*

## II.     Motion to Conduct Discovery [Doc. No. 23]

The petitioner seeks an order permitting him to conduct discovery in response to the respondent's arguments that some of his claims are procedurally defaulted.  In habeas matters, a party must seek leave to conduct discovery.  Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery."  To show "good cause," a petitioner must present "specific allegations [that] show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief."  *Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

The petitioner has not alleged facts that provide a basis for the Court to believe that he may be able to demonstrate that he is entitled to relief if he is permitted to conduct discovery.  In fact, he does not indicate specifically what type of discovery he would conduct if permitted to do so.  Rather he generally asserts that discovery might generate information to be considered in assessing the applicability of exceptions to the procedural default doctrine.  Accordingly, the Court concludes that petitioner has not demonstrated good cause to permit him to conduct discovery in this action.  The motion for leave to conduct discovery is denied.

## III.    Motion for Order [Doc. No. 24]

The petitioner claims that Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts requires the respondent to provide him with all pre-trial discovery motions and responses filed in his state criminal trials and state habeas matters, a copy of his

Mot. Dismiss, Doc. No. 17-4, Notice to the Court.)

amended habeas petition filed in a state court action, as well as transcripts of his state court proceedings.   Rule 5(c) provides that a respondent must attach to his or her "answer parts of transcripts that [he or she] considers relevant."  Furthermore, a "judge may order that the respondent furnish other parts of existing transcripts or that parts of untranscribed recordings be transcribed and furnished."  Under Rule 5(d), a respondent must also file with his or her answer copies of the appellate briefs filed by the petitioner on appeal of the conviction or sentence or on appeal of an adverse decision in a post-conviction proceeding, the appellate briefs of the state prosecutor submitted in an appellate court proceeding related to the petitioner's conviction or sentence, and any decision or order of an appellate court relating to the petitioner's sentence or conviction.  *See* Rule 5, Rules Governing Section 2254 Cases in United States District Courts.

Thus, Rule 5 does not require a respondent to file copies of pre-trial discovery motions or responses to those motions or copies of amended habeas petitions filed in state court proceedings.  Any request that the respondent provide such documents to the petitioner is denied.

With regard to the petitioner's request that the respondent file state court transcripts, the respondent has already attached copies of portions of transcripts from the petitioner's state criminal trial as well as the petitioner's habeas trial to his memorandum in opposition to the petition for writ of habeas corpus. *See* Mem. Opp'n Pet. Writ Habeas Corpus, Doc. No. 19, Apps. P & V.

Although the petitioner refers to 28 U.S.C. § 753 in support of his request that transcripts be provided, that statute is titled Reporters and includes requirements related to the appointment of court reporters by federal district courts.  It makes no provision for a district court to order a respondent in a section 2254 habeas matter to furnish state court transcripts.  Because the

3

petitioner has not demonstrated that any relevant portions of trial or habeas transcripts have not been submitted to the Court, the motion seeking an order that the respondent submit trial and habeas transcripts is denied.  For the reasons set forth above, the motion for order is denied in all respects.

IV.   **Motion for Evidentiary Hearing [Doc. No. 26]**

The petitioner requests that the Court hold an evidentiary hearing on five of the eleven grounds in the amended petition.  The petitioner contends that he has repeatedly attempted to secure certain evidence related to a 911 tape that would show he was innocent of the crime for which he was convicted.   He claims that he is entitled to an evidentiary hearing to secure the 911 tape evidence and to develop the claims in his petition.

Courts generally retain the discretion to grant an evidentiary hearing.  *See Schriro v. Landrigan*, 550 U.S. 465, 468 (2007).  A petitioner who failed to develop the factual basis of a claim in state court proceedings is ordinarily barred from seeking an evidentiary hearing in federal court unless he meets one of three stringent requirements.  *See* 28 U.S.C. § 2254(e)(2).  As a preliminary matter, the petitioner has not met any of the exceptions for holding an evidentiary hearing as set forth in 28 U.S.C. § 2254(e)(2).

Furthermore, in his Memorandum in Opposition to Petition for Writ of Habeas Corpus, the respondent argues that the petitioner failed to fully exhaust at least eight of his claims, including the claims set forth in the motion for evidentiary hearing and that the Court lacks jurisdiction to review those claims because they have been procedurally defaulted.  The petitioner does not indicate how the original 911 tape relates to his burden of showing cause and prejudice to excuse the procedural default of the eight claims in his petition.  Thus, the petitioner

4

has not shown that there are factual issues related to the procedural default of his claims that were not developed in state court.  The Court concludes that the petitioner has not demonstrated that an evidentiary hearing is necessary with regard to the claims that the respondent argues have been procedurally defaulted.  Thus, the motion for evidentiary hearing is denied without prejudice.

V.      **Motion for Appointment of Counsel [Doc. No. 16]**

The petitioner seeks the appointment of *pro bono* counsel.  Appointment of counsel in *habeas corpus* cases filed in federal court is discretionary, and that discretion should be exercised only when the interests of justice so require, unless an evidentiary hearing is necessary.  *See* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts; 18 U.S.C. § 3006A(a)(2)(B).

At this stage of the proceedings, justice does not require the appointment of counsel and the Court cannot conclude that a hearing is likely to be necessary.  Accordingly, the motion for appointment of counsel is denied.  If a hearing is held in this matter, the Court will consider appointing counsel to represent the petitioner.

**Conclusion**

The Motion for Third Party Subpoena [**Doc. No. 28**] is **GRANTED** to the extent that it seeks a subpoena form from the Clerk.  The Clerk is directed to send the petitioner a subpoena form which is signed, but otherwise blank pursuant to Fed. R. Civ. P. 45(a)(3).  The Motion to Conduct Discovery [**Doc. No. 23**], the Motion for Order [**Doc. No. 24**] and the Motion for Appointment of Counsel [**Doc. No. 16**] are **DENIED**.  The Motion for Evidentiary Hearing

[Doc. No. 26] is **DENIED** without prejudice.


        **SO ORDERED** this 26th day of February, 2015, at Hartford, Connecticut.


                                           /s/
                                      MICHAEL P. SHEA
                                      UNITED STATES DISTRICT JUDGE