# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SAUNDERS,<br>　　　　Petitioner,<br>　　　　v.<br>COMMISSIONER,<br>　　　　Respondent. | PRISONER<br>No. 3:13-cv-626 (MPS) |

## RULING ON AMENDED PETITION FOR WRIT OF HABEAS CORPUS

The petitioner, Randall Saunders, an inmate currently confined at Enfield Correctional Institution in Enfield, Connecticut, brings this action *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his 2001 Connecticut conviction for manslaughter in the first degree with a firearm. For the reasons that follow, the petition is dismissed without prejudice to reopening after the petitioner has exhausted his state remedies.

## I.　　Procedural Background

On January 26, 1997, at a restaurant in Danbury, Connecticut, police officers arrested the petitioner on a murder charge. *See Saunders v. Connecticut*, 267 Conn. 363, 366-68, 838 A.3d 186, 190-91 (2004). On September 14, 1999, an assistant state's attorney in the Connecticut Superior Court for the Geographical Area 3 in Danbury, filed an information charging the petitioner with one count of murder in violation of Conn. Gen. Stat. § 53a-54a. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. A at 32. On January 21, 2000, the jury trial began. On February 29, 2000, the judge declared a mistrial because the jury was deadlocked. *See Saunders*, 267 Conn. at 392, 838 A.2d at 204.

On October 12, 2000, an assistant state's attorney in the Connecticut Superior Court for the Geographical Area 3 in Danbury, filed a substitute information charging the petitioner with one count of manslaughter in the first degree with a firearm in violation of §§ 53a-55a(a) and 53a-55(a)(1). *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. A at 35. On February 14, 2001, an assistant state's attorney filed another substitute information charging the petitioner with one count of manslaughter in the first degree with a firearm in violation of §§ 53a-55a(a) and 53a-55(a)(1) and 53a-55a(a) and 53a-55(a)(3). *See id.* at 36-37.

On March 21, 2001, a jury found the petitioner guilty of one count of manslaughter in the first degree with a firearm in violation of §§ 53a-55a(a) and 53a-55(a)(3). *See id.*, App. P., Vol. 5, Tr. 3/21/01. On May 30, 2001, a judge imposed a total effective sentence of twenty-seven years of imprisonment. *See* Am. Pet. Writ Habeas Corpus at 3.

The petitioner raised three grounds on appeal of his conviction.[1] *See Saunders*, 267 Conn. at 365-66, 838 A.2d at 190. On January 13, 2004, the Connecticut Supreme Court affirmed the conviction. *See id.* at 399, 838 A.2d at 208. On May 3, 2004, the United States Supreme Court denied the petition for writ of certiorari. *See Saunders v. Connecticut*, 541 U.S. 1036 (2004).

On March 23, 2004, the petitioner filed a petition for writ of habeas corpus in the Connecticut Superior Court for the Judicial District of Hartford challenging his 2001 conviction

---

[1] The petitioner argued that: "(1) the state failed to disprove his claims of self-defense beyond a reasonable doubt; (2) the trial court" erred in excluding testimony of a certain expert witness "in violation of the petitioner's constitutional right to present a defense; and (3)" his retrial violated his Fifth Amendment "right not to be placed in jeopardy twice for the same offense." *See id.*

2

on ineffective assistance, prosecutorial misconduct, judicial misconduct, insufficiency of the evidence, and double jeopardy grounds. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. I. On July 27, 2005, the petitioner withdrew the petition. *See id.*, App. K.

On January 11, 2006, the petitioner filed a second habeas petition in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. On January 23, 2006, a judge declined to accept the petition. *See Saunders v. Warden*, TSR-CV06-4000912-S (Conn. Super. Ct. Jan. 23, 2006); Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. L. On February 3, 2006, the petitioner filed his third habeas petition in the same court. *See* Am. Pet. Writ Habeas Corpus at 6. The petitioner raised claims of ineffective assistance of trial and appellate counsel, and prosecutorial misconduct. *See id.* The petitioner filed an amended petition on November 30, 2007. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. M. The state court appointed an attorney to represent the petitioner in the habeas proceeding. *See* Pet.'r's Reply to Mem. Opp'n Pet. Writ Habeas Corpus, Doc. No. 25 at 19.

On March 18, 2010, before the Connecticut Superior Court held a hearing on the third state habeas petition, the petitioner filed a federal petition challenging his 2001 conviction on fifty-eight grounds. *See Saunders v. Commissioner*, Case No. 3:10cv410(MPS) (Pet. Writ Habeas Corpus, Doc. No. 1). On February 15, 2011, the court granted the respondent's motion to dismiss on the ground that the petitioner had not exhausted his available state court remedies as to any of the claims in the petition. *See id.*; (Ruling and Order, Doc. No. 34).

In the state habeas matter, a judge held hearings on the claims in the amended petition on May 13 and 15, and August 5, 2010. *See Saunders v. Warden*, No. CV064000933, 2011 WL

1086895, at *1 (Conn. Super. Ct. Feb. 23, 2011). The petitioner was represented by counsel during all three hearings. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. V. On February 23, 2011, a judge denied the petition. *See Saunders*, 2011 WL 1086895, at *14.

The petitioner appealed the denial of the habeas petition. *See Saunders v. Commissioner of Correction*, 137 Conn. App. 493, 48 A.3d 728 (2012). The petitioner elected to proceed *pro se* on appeal. *See* Pet.'r's Reply to Mem. Opp'n Pet. Writ Habeas Corpus, Doc. No. 25 at 20; Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. R.

On August 14, 2012, the Connecticut Appellate Court dismissed the appeal of the decision denying the petitioner's state habeas petition. *See Saunders,* 137 Conn. App. at 514, 48 A.3d at 742. On October 18, 2012, the Connecticut Supreme Court denied certification to appeal the decision of the appellate court. *See Saunders v. Comm'r of Correction*, 307 Conn. 920, 54 A.3d 192 (2012).

On April 1, 2011, the petitioner filed a fourth habeas petition in the Connecticut Superior Court for the Judicial District of Tolland at Rockville. *See Saunders v. Warden*, TSR-CV11-4004081-S (Conn. Super. Ct. Apr. 1, 2011).[2] On March 11, 2013, a judge dismissed the habeas petition. *See id.*, Dkt Entry 129.00. The petitioner appealed the dismissal. *See id.*, Dkt. Entry 133.00. On May 16, 2013, the petitioner withdrew the appeal. *See id.*, Dkt. Entry 135.00.

---

[2] Information regarding this case may be found at: http://www.jud.ct.gov/jud2.htm under Civil/Family/Housing Case Look-up and Docket Number Search using TSR-CV11-4004081-S. (Last visited on March 2, 2016).

The petitioner filed the present federal petition on April 20, 2013.[3] The amended petition includes ineffective assistance of counsel claims, prosecutorial misconduct claims, a claim of trial error, and a double jeopardy claim.[4]

## II.    Applicable Legal Standard

### A.    Exhaustion of Available State Remedies

A prerequisite to habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of available state remedies. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1)(A). The exhaustion requirement seeks to promote considerations of comity and respect between the federal and state judicial systems. *See Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309, 1316 (2012) ("Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism."); *Coleman v. Thompson*; 501 U.S. 722, 731 (1991) (noting the exhaustion requirement, codified at 28 U.S.C. § 2254(b)(1), is "grounded in principles of comity; in a federal

---

[3] The court deems the petition for writ of habeas corpus as having been filed in this court on April 20, 2013, the date the petitioner signed the petition and presumably submitted the petition to prison officials for mailing to the court. *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (*pro se* prisoner complaint is deemed filed as of the date the prisoner gives the complaint to prison officials to be forwarded to the court) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988), *modified on other grounds*, 25 F.3d 81 (2d Cir. 1994)).

[4] On June 2, 2016, the court ordered the respondent to file a complete copy of the petitioner's Petition for Certification to the Connecticut Supreme Court. The respondent did not respond within the time limit set by the court. On June 20, 2016, the court issued an order to show cause why the court should not impose sanctions on the respondent and counsel for failure to comply with a court order. The next day the respondent complied with the court order. Based on the representations provided by counsel that the oversight was inadvertent, the court declines to impose sanctions.

system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights.").

To satisfy the exhaustion requirement, a petitioner must present the essential factual and legal bases of his federal claim to each appropriate state court, including the highest state court capable of reviewing it, in order to give state courts a full and fair "opportunity to pass upon and correct alleged violations of . . . prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam) (internal quotation marks and citation omitted). A federal claim has been "fairly present[ed] in each appropriate state court, (including a state supreme court with powers of discretionary review)," if it "alert[s] that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal parentheses and quotation marks omitted). A petitioner "does not fairly present a claim to a state court if that court must read beyond a petition or a brief . . . that does not alert it to the presence of a federal claim in order to find material . . . that does so." *Id.* at 32.

Failure to exhaust may be excused only where "there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) (per curiam). A petitioner cannot, however, simply wait until appellate remedies no longer are available and argue that the claim is exhausted. *See Galdamez v. Keane*, 394 F.3d 68, 73-74 (2d Cir. 2005), *cert. denied*, 544 U.S. 1025 (2005).

**B.     Procedural Default**

*1.     Procedural Default in State Court Generally Bars Federal Habeas Review*

If a claim has not been exhausted in the state courts, but the petitioner no longer has any available avenue to return to the state courts to exhaust the claim, the claim may be deemed exhausted. *See* 28 U.S.C. 2254(c)(3) ("An applicant shall not be deemed to have exhausted the

remedies available in the courts of the State . . . if he has a right under the law of the State to raise, by any available procedure, the question presented"); *Grey v. Hoke*, 933 F.2d 117, 120-21 (2d Cir. 1991) (although petitioner failed to raise sentencing and prosecutorial misconduct claims on direct appeal, the court deemed the claims to have been exhausted "because those claims [were] . . . procedurally barred from presentation" to the state appellate courts). Nonetheless, under the procedural default doctrine, a federal court will not review the merits of a claim raised in a habeas petition, including a constitutional claim, if the state court declined to address the claim because the prisoner failed to meet a state procedural requirement and the state court decision is based on independent and adequate procedural grounds. *See Walker v. Martin*, 562 U.S. 307, 316 (2011) (citations omitted). A state rule or requirement must be firmly established and regularly followed by the state in question to qualify as an adequate procedural ground. *See Beard v. Kindler*, 558 U.S. 53, 130 S. Ct. 612, 618 (2009) (internal quotation marks and citation omitted). A state court decision will be "independent" when it "fairly appears" to rest primarily on state law. *Jimenez v. Walker*, 458 F.3d 130, 138 (2d Cir. 2006) (citation omitted), *cert. denied*, 549 U.S. 1133 (2007).

    2.    *A Federal Habeas Court May Excuse Procedural Default for Cause and Prejudice or a Fundamental Miscarriage of Justice*

Exceptions to the doctrine barring procedurally defaulted claims from being heard in federal court exist. *Trevino v. Thaler*, 133 S. Ct. 1911, 1917 (2013). A state prisoner can obtain federal habeas review, despite having defaulted on his federal claim in state court pursuant to an independent and adequate state procedural rule, if he can demonstrate cause for the default and actual prejudice resulting from the default or he can show that failure to consider the claim will result in a fundamental miscarriage of justice. *See Edwards v. Carpenter*, 529 U.S. 446, 451 (2000).

To establish cause to excuse procedural default, the petitioner must identify "some external impediment preventing counsel from constructing or raising the claim." *Murray v. Carrier*, 477 U.S. 478, 492 (1986). Such factors include interference by state officials impeding compliance with state rules or a showing that the factual or legal basis for a claim was not reasonably available to defense counsel. *See McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991).

"Ineffective assistance of counsel . . . is cause for a procedural default." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). A petitioner must exhaust his claim of ineffective assistance of counsel claim in state court, however, before a federal court may determine that an attorney's ineffective assistance is a basis to find cause and prejudice and thereby excuse a petitioner's failure to exhaust his state court remedies. *See Murray v. Carrier*, 477 U.S. 478, 488-89 (1986) ("[W]e think that the exhaustion doctrine, which is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal citations and quotations omitted).

## III. Factual Background

The Connecticut Supreme Court determined that the jury reasonably could have found the following facts:

> On January 26, 1997, the [petitioner] and his girlfriend, Susan Bruemmer, went to Tortilla Flat, a restaurant and bar in Danbury, after having spent the previous several hours drinking at another bar. The two remained at Tortilla Flat during the Super Bowl and continued to drink. As the [petitioner] and Bruemmer were getting ready to leave after the end of the game, Bruemmer approached the victim, Dominic Badaracco, Jr., who was seated at the bar, and struck up a conversation with him. Bruemmer was acquainted with the victim because she previously had dated his brother. The conversation soon escalated into an argument, which culminated in Bruemmer's throwing a drink in the victim's face.

The victim then called out to the [petitioner] that he had "better contain [his] bitch." The [petitioner] drew a handgun, approached the victim, and placed the barrel of the gun against the victim's head or neck. A fight ensued between the [petitioner], who is approximately six feet, five inches tall and 220 pounds, and the victim, who was approximately six feet, two inches tall and 230 pounds. The two men proceeded to fight. During the fight, which lasted only a short time, the victim punched the [petitioner] in the face. As a result, the [petitioner] suffered minor injuries including a bloody nose and some cuts and abrasions on his face. The victim's shirt was torn, and a gold chain that he had been wearing around his neck was broken.

As the fight broke out, Bethany McKnight, a bartender, heard someone in the bar yell "there's a gun . . . ." McKnight went into the kitchen to call 911 but discovered that Paula Keeler, the sister-in-law of Dennis Keeler, one of the owners of Tortilla Flat, already had made the call. Dennis Keeler also entered the kitchen to confirm that the police had been called. By this time, the [petitioner] had entered the kitchen from the bar area. Dennis Keeler noticed that the [petitioner] was holstering his weapon. McKnight and Paula Keeler asked the [petitioner] whether he had been shot and if he wanted them to call for an ambulance. The [petitioner] smiled and said no. Paula Keeler thereafter left the kitchen and went upstairs. At this time, the [petitioner] was located within fifteen feet of a door marked as an exit.

The victim, who had remained in the bar area, headed toward the kitchen. As the victim approached the kitchen doorway, he kicked a garbage can, stopped near the doorway and, according to Dennis Keeler, shouted to the [petitioner] that "if he [the petitioner] ever pulled a gun on him again he'd kill him." The victim then continued to move toward the [petitioner]. Dennis Keeler asked the victim "to stop, to let it go...." The victim did not heed Keeler's request, however, and continued to advance in the direction of the [petitioner].

By this time, the [petitioner] was leaning against a stove, wiping blood from his face. McKnight, who had remained in the kitchen, testified that the [petitioner] pulled out his handgun and "just calm [sic] as a cucumber ... started firing." The [petitioner] discharged all five of the bullets from his gun. The victim was struck by four of the five bullets, three of which entered through his back. The other bullet struck the victim in the left arm, near the armpit. The police soon arrived and arrested the [petitioner]. The victim subsequently died as a result of one or more gunshot wounds.

*Saunders*, 267 Conn. at 366-68, 838 A.2d at 190-91.

## IV.  Discussion

The petitioner raises eleven grounds in the amended petition. Several grounds include multiple claims. The petitioner and the respondent disagree about which claims have been

exhausted. The petitioner argues that all eleven grounds have been exhausted, while the respondent argues that grounds one and four through eleven are procedurally defaulted and unexhausted. The respondent concedes that the petitioner has exhausted ground two. Finally, the respondent contends that the third ground asserts a violation of state law that is not cognizable and may not be reviewed by this court.

As discussed below, the Court finds as follows. Ground one is exhausted, but the court cannot determine whether it is procedurally barred. Ground two is exhausted. Ground three is partially exhausted. The court will determine whether portions of ground three are cognizable upon the full exhaustion of the petitioner's state remedies. Ground four is exhausted and is not procedurally defaulted. Grounds five, six, seven, eight, and nine are unexhausted. As in ground one, the court cannot determine whether grounds seven, eight, and nine are procedurally barred. Grounds ten and eleven are not exhausted but the court cannot determine whether cause and prejudice exists to excuse any procedural default of the petitioner's claims.

### A.      Ground One

#### *1.      Ground One Is a Claim Under the Sixth Amendment*

The petitioner asserts that during his first criminal trial, the prosecutor improperly subpoenaed records in the custody of a woman who had been appointed as the petitioner's representative by power of attorney and that the records contained attorney-client information or trial strategy. *See* Am. Pet. Writ Habeas Corpus at 18. The prosecutor reviewed some of the documents and then returned them to the woman. The petitioner claims that the "state prosecutor's intentional invasion of attorney client privilege constituted a sixth amendment violation of Saunder[']s right to assistance of counsel." *See id.* The court construes this as a claim that prosecutorial misconduct violated the petitioner's Sixth Amendment right to counsel.

2.        *Whether Ground One Is Exhausted*

The petitioner raised this claim in the third state habeas petition. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. M, Count 46 ("The prosecutor, Warren Murray, served on this petitioner's power of attorney a subpoena duces tecum ordering the entire case files containing state and federal work product be surrendered to him.").

The habeas judge declined to review the claim of prosecutorial misconduct because he concluded that all of the petitioner's prosecutorial misconduct claims had been procedurally defaulted and that the petitioner had not shown cause and prejudice to overcome the default. *See Saunders*, 2011 WL 1086895, at *3. The Connecticut Appellate Court affirmed the habeas court on the ground that the "prosecutorial impropriety" claim had been procedurally defaulted and that the petitioner had not shown cause and prejudice to excuse the default. *Saunders*, 137 Conn. App. at 499-500.

In his petition for certification to the Connecticut Supreme Court, the petitioner presented the issue as follows:

> In light of the court's recent ruling in *State v. Lenarz* did the Appellate Court err in denying the petitioner's appeal from certification from the habeas court after the habeas court ruled that the trial court had not committed error in allowing the state prosecutor to subpoena the petitioner's legal defense filed while they were in the possession of the petitioner's agent under a power of attorney?

Pet. Certification, (August 21, 2012).[5] Thus, the petitioner has exhausted ground one.

---

[5] *State v. Lenarz*, 301 Conn. 47, 22 A.3d 536 (2011) held that a defendant's Sixth Amendment right to effective assistance of counsel was violated when the prosecutor read privileged communications between the defendant and his attorney. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. U.

3.        *Whether Ground One Is Procedurally Defaulted*

The State contends that this claim was procedurally defaulted. The Connecticut Appellate Court determined that this claim was procedurally defaulted because "the petitioner failed to allege or to prove facts to support a finding of cause and prejudice" for failing to raise the claim at trial and on direct appeal. *See Saunders*, 137 Conn. App. at 498-500.

The petitioner contends that the ineffective assistance of his trial counsel in failing to raise the Sixth Amendment claim constitutes cause and prejudice to excuse the procedural bar to his Sixth Amendment claim.

As noted above, "[i]neffective assistance of counsel . . . is cause" that may excuse a procedural default. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).  But a petitioner must exhaust his claim of ineffective assistance of counsel in state court before a federal court may determine that an attorney's ineffective assistance is a basis to find cause and prejudice and thereby excuse a petitioner's failure to exhaust his state court remedies. *See id.* at 488-89 ("[W]e think that the exhaustion doctrine, which is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings, generally requires that a claim of ineffective assistance be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.") (internal citations and quotations omitted). The issue, then, is whether the petitioner has exhausted his claim of ineffective assistance of trial counsel for failing to raise the petitioner's Sixth Amendment claim.

The state habeas judge did review whether counsel rendered ineffective assistance in the first trial in failing to raise the Sixth Amendment claim. *See Saunders*, 2011 WL 1086895, at *10. The state habeas judge found that trial counsel did not have standing to object because he did not

represent the woman whom the petitioner appointed by power of attorney. *See id.* The judge also found that the petitioner was not prejudiced by the prosecutor's review of the documents. *See id.*

The petitioner appealed the habeas court's finding on the ineffective assistance of counsel claim that he had not been prejudiced. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. R. at 26-28. The Connecticut Appellate Court affirmed the lower court. *See Saunders*, 137 Conn. App. at 508-12, 48 A.3d at 739-40. The petitioner did not raise this claim in his Petition for Certification to the Connecticut Supreme Court. *See* Pet. For Certification (August 21, 2012). The ineffective assistance claim is, therefore, unexhausted.

### 4.    Ground One Is Dismissed Without Prejudice

Because the ineffective assistance claim is unexhausted, this court cannot determine whether it constitutes cause and prejudice to excuse the procedural default of Ground One.[6]

---

[6] Nor has the petitioner shown that failure to consider this claim would result in a fundamental miscarriage of justice, that is, "the conviction of one who is actually innocent." *Murray*, 477 U.S. at 496. To meet this exception, the petitioner must present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error . . . ." *Schlup v. Delo*, 513 U.S. 298, 316 (1995). To establish a credible claim of actual innocence, a petitioner must support his claim "with new reliable evidence-whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence-that was not presented at trial." *Id.* at 324. Actual innocence requires a showing of factual innocence, not "legal innocence." *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

The petitioner does not argue that he is innocent of shooting the victim. He contends, however, that the jury should have found him not guilty because he acted in self-defense. A claim that one's conduct was justified by the doctrine of self-defense is a claim of legal innocence, not actual innocence. *See Doe v. Menefee*, 391 F.3d 147, 162 (2d Cir. 2004) (Actual innocence requires "not legal innocence, but factual innocence"), *cert. denied*, 564 U.S. 961 (2005); *Ellis v. Hargett*, 302 F.3d 1182, 1186, n.1 (10th Cir. 2002) (finding that actual innocence exception did not apply to petitioner's claim that he is legally innocent because his conduct was justified by the doctrine of self-defense, on which the jury was not accurately instructed); *cert. denied*, 537 U.S. 1236 (2003); *Moleterno v. Nelson*, 114 F.3d 629, 636 (7th Cir. 1997) (holding that petitioner was not entitled to miscarriage of justice exception to cause and prejudice standard because he asserted that he was legally innocent based on a claim of self-defense as opposed to actually innocent of murder); *Garbut v. Conway*, 05 Civ. 9898, 2009 WL 2474099, at *2-3 (S.D.N.Y.

*Murray*, 477 U.S. at 488-89. Therefore, the Court dismisses Ground One without prejudice to reopening after the petitioner has exhausted his claim of ineffective assistance of counsel.

To obtain state court review of the claim of ineffective assistance of counsel that the petitioner contends shows cause and prejudice to excuse the procedural default in Ground One, the petitioner would be required to seek leave to file an untimely second petition for certification to the Connecticut Supreme Court. Neither party addresses whether such a petition would be futile. The court notes that Connecticut's appellate rules of practice include provisions allowing the Connecticut Appellate and Supreme Courts to interpret the rules liberally to "advance justice," Conn. Prac. Book § 60-1, and to suspend the rules "for . . . good cause shown," Conn. Prac. Book § 60-3. The court expresses no opinion as to whether the Connecticut Supreme Court should invoke those provisions in this case.[7]

### B.    Ground Two

The petitioner claims that the trial court denied his Fifth Amendment right against double jeopardy when it refused to poll the jury as to which charge it was deadlocked on prior to declaring a mistrial. As a result, the state re-tried the petitioner on a lesser-included offense of manslaughter

---

Aug. 12, 2009) (noting that fundamental miscarriage of justice exception "exists to protect those who are '*entirely* innocent'") *quoting Schulp v. Delo*, 513 U.S. 298, 321 (1995)); *Staten v. Parker*, No. CIV-08-0655-F, 2009 WL 522910, at *8 (W.D. Okla. Mar. 2, 2009) (petitioner's "allegations of self-defense suggest only legal innocence and are insufficient to overcome the procedural default"). Because the petitioner has not shown cause or a fundamental miscarriage of justice, the grounds asserting claims of prosecutorial misconduct are procedurally defaulted and are not subject to review, absent a showing of cause and prejudice.

[7] The court does not mean to suggest that in every case under 28 U.S.C. § 2254, the exhaustion requirement demands that a petitioner seek leave from the state's highest court to file an untimely appeal raising issues that could have been brought before. Under the circumstances of this case, however, which include the fact that the petitioner was *pro se* on his appeal of the state habeas proceeding, the court finds that pursuing this additional potential avenue of relief is necessary to satisfy the exhaustion requirement.

in the first degree. The parties do not dispute that this claim was exhausted on appeal of the petitioner's conviction. The court agrees that ground two is exhausted. However, as discussed below, the court dismisses ground two without prejudice to reopening because this is a mixed petition.

### C.     Ground Three

#### 1.     Ground Three Contains a Due Process Claim and an Ineffective Assistance of Counsel Claim

This ground includes two claims. First, the petitioner asserts that the State of Connecticut denied him due process under the Fourteenth Amendment when the prosecutor charged him in a substitute information with two separate offenses as alternative ways of committing one offense. Second, the petitioner asserts a claim of ineffective assistance of trial counsel for failing to object to the substitute information. *See* Am. Pet. Writ Habeas Corpus at 86-87.

#### 2.     Whether the Due Process Claim Is Exhausted

The respondent concedes that the due process claim was presented to the highest state court. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, at 22. The court agrees that the petitioner has exhausted this claim in ground three. This is a claim of prosecutorial misconduct, which is itself a due process claim, and a petitioner does not need to provide a citation to a particular constitutional article, section, or clause to present an issue, but must simply give the state court notice of the constitutional nature of the claim. *E.g.*, *Smith v. Phillips*, 455 U.S. 209, 219 (1982) ("Past decisions of this Court demonstrate that the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor."); *St. Helen v. Senkowski*, 374 F.3d 181, 182 (2d Cir. 2004); *see also* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. M., at 34 (citing *State v. Singh*, 259 Conn. 693 (2002) (claim

of prosecutorial misconduct under due process clause of Fourteenth Amendment to United States Constitution)).

### 3. Whether the Due Process Claim Is Cognizable

The respondent argues, however, that the issue is not reviewable by a federal habeas court because "it is a state law claim of statutory interpretation and legislative intent." *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, at 22. "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991). *See also* 28 U.S.C. § 2254(a) (permitting "an application for a writ of habeas corpus . . . only on the ground that [the petitioner] is in custody in violation of the Constitution, laws, or treaties of the United States.") "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Estelle*, 502 U.S. at 67-68. Thus, "[a] claim that a state conviction was obtained in violation of state law is not cognizable in federal court." *Howard v. Walker*, 406 F.3d 114, 121 (2d Cir. 2005) (citing *Estelle*, 502 U.S. at 68). Because, as discussed below, the petition before the court is a mixed petition, the court declines to decide this dispute at this time. If the petitioner moves to reopen this petition after exhausting his state remedies, the court will decide whether this claim is cognizable.[8]

---

[8] The court notes that while the respondent argues that this claim is not cognizable he offers little analysis, other than to say that the issue is not reviewable by a federal habeas court because "it is a state law claim of statutory interpretation and legislative intent." *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, at 22. The respondent does refer to the Connecticut Appellate Court's decision construing Conn. Gen. Stat. § 53a-55(a). However, that portion of the court's decision addressed whether the petitioner's lawyer rendered ineffective assistance in failing to object to the prosecutor's charge, not the issue of prosecutorial misconduct. *Saunders*, 137 Conn. App. at 503-06.

### 4.   Whether the Ineffective Assistance of Counsel Claim Is Exhausted

The second claim in ground three is a claim of ineffective assistance of counsel. The petitioner contends that trial counsel was ineffective in failing to object to the substitute information. *See* Am. Pet. Writ Habeas Corpus at 86-87. This claim was raised by the petitioner in the third state habeas petition. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. M, Count 21. The habeas judge addressed the claim and found that counsel was not ineffective for failing to object to the substitute information because the sole count in the information did not charge the petitioner with two separate offenses. *See Saunders*, 2011 WL 1086895, at *5.

The petitioner raised this claim of ineffective assistance of counsel in his appeal of the habeas decision to the Connecticut Appellate Court. *See Saunders*, 137 Conn. App. at 503-07, 48 A.3d at 736-37. He did not raise this claim of ineffective assistance in his petition for certification to the Connecticut Supreme Court. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. U. The petitioner could attempt to exhaust this claim by seeking leave to file a late second petition for certification as discussed above.

Thus, in ground three, the first claim is exhausted[9] and the second claim is unexhausted. The court, therefore, dismisses ground three without prejudice.

---

[9] The Connecticut Appellate Court determined that the petitioner's claims of prosecutorial misconduct were procedurally defaulted. *Saunders*, 137 Conn. App. at 498-500. As the respondent has not raised the issue of procedural default as to ground three, the court declines to address it. *See Trest v. Cain*, 522 U.S. 87, 89 (1997) ("A court of appeals is not 'required' to raise the issue of procedural default *sua sponte*. It is not as if the presence of a procedural default deprived the federal court of jurisdiction, for this Court has made clear that in the habeas context, a procedural default, that is, a critical failure to comply with state procedural law, is not a jurisdictional matter.").

### D.      Ground Four

#### 1.      Ground Four Is a Claim of Ineffective Assistance of Counsel

The petitioner contends that trial counsel was ineffective for failing to object to the court's instruction to the jury regarding the charge of first degree manslaughter in violation of Conn. Gen. Stat. §§ 53a-55(a)(1) and 53a-55(a)(3) as merely alternative methods of committing a single offense and the instruction to the jury "to decide one of them," referring to intentional or reckless manslaughter. *See id.* at App. M at 27-30.

#### 2.      Whether Ground Four Is Exhausted

This ineffective assistance of counsel claim was raised in the third state habeas petition and was decided by the habeas judge. *See Saunders*, 2011 WL 1086895, at *6-10. In addition, the petitioner raised this ineffective assistance of counsel claim in his appeal of the decision of the habeas judge. *See Saunders*, 137 Conn. App. at 506-08, 48 A.3d at 737-39. The petitioner also raised this claim of ineffective assistance of trial counsel in his petition for certification to the Connecticut Supreme Court. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. U. Accordingly, ground four is exhausted.

#### 3.      Whether Ground Four is Procedurally Defaulted

As noted, if a state court declines to address a claim because the prisoner did not meet a state procedural requirement and the state court decision is based on independent and adequate procedural grounds, then a federal habeas court will not review the merits of the claim. *See Walker v. Martin*, 562 U.S. 307, 316 (2011). Here, the state courts did not decline to hear this claim because of a procedural defect. Rather, the state courts addressed the claim on the merits. *See Saunders*, 137 Conn. App. at 505-08, 48 A.3d at 737-39 (noting that "[t]he petitioner also claims that the court improperly rejected his claim that his trial counsel rendered ineffective assistance by

failing to object to jury instructions," and holding that "the petitioner cannot prove that he was prejudiced as a result of the court's instruction."). Therefore, ground four is not procedurally defaulted.

However, because this is a mixed petition, the Court dismisses ground four without prejudice.

### E.    Grounds Five and Six

#### 1.    *Grounds Five and Six Are Claims of Ineffective Assistance of Counsel*

These two claims allege ineffective assistance of trial counsel in various ways. In ground five, the petitioner asserts that trial counsel failed to object to the introduction of the 911 tapes from the date of the shooting of the victim. *See* Am. Pet. Writ Habeas Corpus at 90. In ground six, the petitioner claims that trial counsel failed to challenge the state's claim that the victim was not armed when the petitioner allegedly shot him. *See id.* at 91.

#### 2.    *Whether Grounds Five and Six Are Exhausted*

Both claims were raised in the third state habeas petition and on appeal to the Connecticut Appellate Court from the decision denying that habeas petition. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. M, Counts 1, 2, 6, 12 & 13 and App. R, Claim III. Neither claim was raised by the petitioner in the petition for certification to the Connecticut Supreme Court. *See id.* at App. U. Thus, both ground five and ground six are unexhausted. The petitioner may seek to exhaust this claim by—as outlined above—seeking leave to file a late second petition for certification to the Connecticut Supreme Court. The court dismisses without prejudice grounds five and six.

*3.      Whether Grounds Five and Six Are Procedurally Defaulted*

Grounds five and six are not procedurally defaulted because the Connecticut Appellate Court addressed both claims on the merits, rather than holding that the claims were procedurally deficient under state law. Although the Connecticut Appellate Court did not explicitly address the claim in ground six, the Connecticut Appellate Court did affirm the state habeas court's rejection of his ineffective assistance claims. *Id.*, 137 Conn. App. at 500, 48 A.3d at 734. As for ground five, the Connecticut Appellate Court held that "[b]ecause there was no credible evidence that the [911] tapes had been tampered with, the petitioner cannot then prove that his trial counsel's performance was deficient for failing to object to the admission of the tapes on the basis that they had been tampered with." *Saunders*, 137 Conn. App. at 503, 48 A.3d at 736. Therefore, grounds five and six are not procedurally defaulted because the state courts did not decline to review those claims on the basis of a state procedural rule. *See Walker v. Martin*, 562 U.S. 307, 316 (2011).

**F.      Grounds Seven, Eight, and Nine**

*1.      Grounds Seven, Eight, and Nine Are Claims of Prosecutorial Misconduct*

These claims assert various ways in which the prosecutor's conduct was improper both during the trial and at sentencing. *See* Am. Pet. Writ Habeas Corpus at 92-98.

*2.      Whether Grounds Seven, Eight, and Nine Are Exhausted*

These claims were raised in the third state habeas petition, but were not reviewed by the habeas judge because he found that they had not been raised on direct appeal and were procedurally defaulted. *See Saunders*, 2011 WL 1086895, at *2-3. The judge did, however, review one claim of prosecutorial misconduct in deciding the claim of ineffective assistance of appellate counsel. *See id.* at *11. That claim related to the alleged use of visual aids by the prosecutor during his closing. *See id.*

The petitioner challenged in the appellate court the habeas court's conclusion that the prosecutorial misconduct claims were procedurally barred. He also appealed the habeas court's ruling about prosecutorial misconduct as to the ineffective assistance of appellate counsel claim. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. R, Claim I & VII. The Appellate Court concluded that the trial court had properly determined that the claims of prosecutorial misconduct were procedurally defaulted and that the petitioner had failed to allege or prove facts to support a finding of cause and prejudice to excuse the default. *See Saunders*, 137 Conn. App. at 498-500, 48 A.3d at 733-34. In reviewing the claim of ineffective assistance of appellate counsel, the Appellate Court determined that the prosecutor had not engaged in misconduct when he allegedly displayed his written thoughts and propositions of law to the jury during his closing argument in the context of deciding the claim of ineffective assistance of appellate counsel. *See id.* The petitioner did not raise any of his claims of prosecutorial misconduct in the petition for certification to the Connecticut Supreme Court. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. U. Accordingly, grounds seven, eight, and nine are not exhausted.

3.       *Whether Grounds Seven, Eight, and Nine Are Procedurally Defaulted*

The respondent argues that grounds seven through nine are procedurally defaulted because the Connecticut Appellate Court declined to review the merits of those grounds based on an adequate and independent state procedural rule. The Connecticut Appellate Court concluded that the claims of prosecutorial misconduct had not been raised on direct appeal and were procedurally defaulted. *See Saunders*, 137 Conn. App. at 498-500, 48 A.3d at 733-34. Furthermore, the court found that appellate counsel's decision not to raise prosecutorial misconduct claims on direct appeal did not constitute deficient performance. *See id.* Thus, the court concluded that the

petitioner had failed to show cause or prejudice to excuse the procedural default of those claims. *See id.* at 500, 48 A.3d at 734.

Ground seven of the present petition asserts multiple instances of alleged prosecutorial misconduct during counsel's closing argument. One of those instances of misconduct includes the claim that the prosecutor improperly displayed his written thoughts and propositions of law to the jury. Because this claim was presented to the state appellate court, this claim of prosecutorial misconduct may not be procedurally barred if the petitioner may raise it in state court, for example, by to seeking leave to file an untimely second petition for certification to the Connecticut Supreme Court.

As in ground one, the Court cannot determine whether ineffective assistance of counsel constitutes cause and prejudice to excuse any procedural default because the petitioner has not exhausted his ineffective assistance of counsel claim. Consequently, the alleged ineffective assistance of counsel cannot constitute cause to excuse procedural default at this time. Grounds seven through nine are unexhausted and the petitioner has not exhausted his ineffective assistance claims, which he claims constitute cause and prejudice.[10] Therefore, the Court dismisses grounds seven through nine without prejudice to reopening after the petitioner has exhausted his claim of ineffective assistance of counsel.

### G.      Ground Ten

#### 1.      *Ground Ten Is a Due Process Claim*

The petitioner contends that the judge in his first criminal trial erred by denying his ballistics expert the opportunity to compare the results of tests he had performed on gunshot

---

[10] Just as in ground one, there is no showing of a fundamental miscarriage of justice.

residue patterns found at the scene of the shooting to the results of the State of Connecticut's ballistics expert.

### 2. *Whether Ground Ten Is Exhausted*

The petitioner describes this claim as a denial of his due process right to a full and fair trial. This claim of trial court error was not raised by the petitioner on direct appeal or in the state habeas petition. *See Saunders*, 267 Conn. at 365-66, 838 A.3d at 190; Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, Apps M, R, U. The petitioner has not exhausted ground ten.

### 3. *Whether Ground Ten Is Procedurally Defaulted*

The petitioner was represented by counsel in the hearings held in the third state habeas matter and until the decision of the habeas judge. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. V. On appeal from the denial of the state habeas decision, the petitioner elected to proceed *pro se*. *See* Pet.'r's Reply to Mem. Opp'n Pet. Writ Habeas Corpus, Doc. No. 25 at 20; Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. R. Thus, with regard to ground ten, the court cannot discern why the petitioner cannot file another state habeas petition arguing that the attorney who represented him in the first state habeas proceeding was ineffective for failing to raise or adequately brief and present those claims in the first state habeas petition to establish cause and prejudice to overcome any procedural default. The petitioner may still seek review of those claims in state court. Therefore, the Court dismisses ground ten without prejudice to reopening after the petitioner has exhausted his claim.

## H.    Ground Eleven

### 1. *Ground Eleven Contains Four Claims of Ineffective Assistance of Counsel*

The petitioner asserts that trial counsel was ineffective for failing to call four different types of expert witnesses to challenge the State of Connecticut's theories and evidence supporting the

charge against him. *See* Am. Pet. Writ of Habeas Corpus at 101-05. Ground Eleven contains four claims.

### 2.    Whether Ground Eleven Is Exhausted

The first and second claims in ground eleven pertain to counsel's failure to hire expert witnesses who could have testified about evidence at the crime scene, including blood evidence on the ceiling and the availability of exits from the area where the shooting occurred, and who could have challenged the medical examiner's findings regarding the bullets found in the victim's body. These claims were raised in the third state habeas petition. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, App. M, Counts 3, 4, 19. Because petitioner's attorney did not brief or offer evidence on those claims, the habeas judge did not address them. *See Saunders*, 2011 WL 1086895, at *3-*10 ("The petitioner only presented evidence on . . . [the] specific allegations that [trial counsel (1) failed to present evidence that the victim was armed, (2) failed to object to the substitute information, (3) failed to object to the jury charge, (4) failed to object to the admission of 911 tapes, and (5) failed to object to the subpoena of the woman having power of attorney]; only those allegations will be reviewed."). The petitioner did not raise these claims on appeal of the denial of the state habeas petition. *See* Resp't's Mem. Opp'n Pet. Writ Habeas Corpus, Apps M, R, U. Thus, the first and second claims of ineffective assistance of counsel are unexhausted.

The third claim pertains to counsel's alleged failure to secure an expert witness who might testify about the 911 tapes. That claim is also raised in ground five of the present petition. As indicated above, claim three is not exhausted because it was not raised in the petition for certification seeking review by the Connecticut Supreme Court of the decision of the Appellate Court dismissing the appeal of the denial of the third state habeas petition. The petitioner could

24

seek leave to file an untimely second petition for certification of this claim to the Connecticut Supreme Court, as discussed above.

In the fourth claim of ground eleven, the petitioner contends that trial counsel was ineffective for neglecting to call an expert in the use of self-defense to testify at trial. This claim of ineffective assistance was not raised in the state habeas petition or on appeal from the dismissal of the petition. Thus, it is not exhausted. Accordingly, none of the claims in ground eleven have been fully exhausted.

### 3.    Whether Ground Eleven Is Procedurally Defaulted

The respondent argues that the ground eleven is procedurally barred. With regard to some of the claims in ground eleven, the state habeas court declined to address them under a state procedural rule. *See Saunders*, 2011 WL 1086895, at *10 ("[S]ince the petitioner has presented little to no evidence on these other claims and has not adequately briefed them, the Court declines to address them.") (citing *Raynor v. Commissioner of Correction*, 177 Conn. App. 788, 796-97, 981 A.2d 517 (2009)). As in ground one, the Court cannot determine whether ineffective assistance of habeas counsel constitutes cause and prejudice to excuse this procedural default because the petitioner has not exhausted such an ineffective assistance of counsel claim. As to those claims, the petitioner may file a second state habeas petition arguing that the attorney who represented him in the first state habeas proceeding was ineffective for failing to raise or adequately brief and present those claims in the first state habeas petition.

Based on the court's review of the petitioner's grounds and the grounds that were raised on direct appeal and on collateral review in the third state habeas petition, the present amended petition contains exhausted claims and unexhausted claims. Thus, it is a mixed petition.

**V.      Stay and Abeyance or Dismissal**

      **A.      A Mixed Petition Should Not Be Dismissed Outright When a Petitioner Shows Good Cause and Doing So Would Prevent the Petitioner From Obtaining Federal Review of Federal Claims**

Traditionally, a mixed petition that contains both exhausted and unexhausted claims is dismissed without prejudice to refiling another federal habeas corpus action after all claims have been exhausted. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000). In light of the one-year limitations period for filing a federal habeas action, the Second Circuit has directed district courts not to dismiss a mixed petition if an outright dismissal would preclude a petitioner from having all of his claims addressed by the federal court. *See Zarvela v. Artuz*, 254 F.3d 374, 380-83 (2d Cir. 2001) (recommending that the district court stay exhausted claims and dismiss unexhausted claims with direction to timely complete the exhaustion process and return to federal court), *cert. denied*, 534 U.S. 1015 (2001).  In 2005, the Supreme Court held that "stay and abeyance should be available only in limited circumstances," *i.e.*, "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and where the petitioner is not engaging in "abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

      **B.      The Petitioner Has Shown Good Cause and an Outright Dismissal Would Prevent the Petitioner From Obtaining Federal Review Because the Limitations Period Has Expired**

The limitations period commences when the conviction becomes final and is tolled while a properly filed application for post-conviction relief is pending in state court. *See* 28 U.S.C. § 2244(d); *Rivas v. Fischer*, 687 F.3d 514, 533 (2d Cir. 2012). The limitations period began to run on May 4, 2004, the date after the United States Supreme Court denied the petition for writ of certiorari seeking review of the decision of the Connecticut Supreme Court affirming the

petitioner's conviction. *See Williams v. Artuz*, 237 F.3d 147, 151 (2d Cir. 2001) (holding in case where petitioner had appealed to state's highest court, direct appeal also included filing petition for writ of certiorari in Supreme Court or the expiration of time within which to file petition), *cert. denied*, 534 U.S. 924 (2001). The limitations period was tolled during the pendency of petitioner's first state habeas petition, which he filed on March 23, 2004. The state habeas petition became final on July 27, 2005, when the petitioner withdrew the petition. The limitations period began to run on July 28, 2005, and ran for 167 days until the petitioner filed his second state habeas petition on January 11, 2006. The limitations period was tolled until January 23, 2006, when a Connecticut Superior Court judge declined to review the petition. The limitations period began to run again on January 24, 2006, and ran for eleven days until the petitioner filed his third state habeas petition on February 3, 2006. The petitioner filed his fourth state habeas petition in April 2011, while the third petition was still pending. The fourth state habeas petition became final on May 16, 2013, when the petitioner withdrew his appeal.

The present petition was filed on April 20, 2013, before the petitioner withdrew his fourth state habeas petition. Thus, a total of 178 days of the limitations period elapsed from the date on which the petitioner's direct appeal of his conviction became final until the conclusion of the fourth state habeas petition. Although the present petition was filed within the one-year limitations period, the filing of a federal habeas petition does not toll the running of the one-year limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Accordingly, the one-year limitations period has now expired and if the court were to dismiss the petition without prejudice to permit petitioner to exhaust his state remedies as to the unexhausted claims, he would be barred from re-filing a habeas petition in this court including the exhausted claims.

### C.   The Court Will Dismiss the Petition Without Prejudice To Reopening To Preserve the Petitioner's Ability To Obtain Federal Review

This court may stay and hold in abeyance the petition only in the "limited circumstances" described in *Rhines*, which include a requirement that the petitioner demonstrate "good cause" for his failure to exhaust. Because the petitioner has alleged that his failure to exhaust some of his claims was due to ineffective assistance of habeas counsel, his failure to exhaust certain ineffective assistance of counsel claims on appeal of the dismissal of the third state habeas petition was arguably due to the fact that he was proceeding without the assistance of counsel, and the petitioner would be time-barred from filing another petition, the court concludes that the petitioner has demonstrated good cause not to dismiss the petition outright. *See Schouenborg v. Superintendent, Auburn Correctional Facility*, No. 08-CV-2865(JS), 2013 WL 5502832, at *10 (E.D.N.Y. Sept. 30, 2013) ("Even without a precise definition of good cause, there is a general consensus that an ineffective assistance of counsel claim itself is good cause.") (internal quotation marks and citations omitted). In addition, the court cannot determine, at this point in time, that the ineffective assistance of counsel claims are "plainly" lacking in merit. *Rhines*, 546 U.S. at 277 (stay is only appropriate if the petitioner had good cause for failure to exhaust claim and can demonstrate claim is not "plainly meritless").

The court concludes that dismissing this case without prejudice to reopening it after completion of the exhaustion process offers the petitioner the same protection as the issuance of a stay of this case pending exhaustion. By permitting the petitioner to reopen this case after he has completed exhaustion of his state court remedies, the danger that a subsequent new petition would likely be barred by the statute of limitations is eliminated. Under either procedure, the court would require the petitioner to file a motion or notification with the court after completion of the

28

exhaustion process in state court. Accordingly, the amended petition will be dismissed without prejudice to reopening after the petitioner has exhausted his unexhausted claims.

## VI.   Conclusion

The Amended Petition for Writ of Habeas Corpus [**Doc. No. 14**] is **DISMISSED** without prejudice. The petitioner may file a motion to reopen this case after he has fully exhausted his available state court remedies as to all grounds in the amended petition.[11]

Within **thirty** days after the petitioner has completed the exhaustion of his state court remedies as to all grounds in the petition, the petitioner shall file a motion to reopen this case reporting that all grounds have been fully exhausted and that he wishes to reopen this case. The motion must be accompanied by an amended petition for writ of habeas corpus including the grounds he seeks to have the court consider and copies of any state court decisions documenting the exhaustion of those grounds.

The court concludes that jurists of reason would not find it debatable that petitioner failed to exhaust his state court remedies with regard to the grounds in the petition noted in this decision. Thus, a certificate of appealability will not issue. *See Slack*, 529 U.S. at 484 (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability

---

[11] Petitioner is informed that he also has the option of proceeding only as to the exhausted claims for relief. If so, he must file a motion to reopen seeking to proceed as to the exhausted claims and to withdraw the unexhausted claims. **Any such motion to reopen should be filed within thirty days of the date of this order.** Petitioner is cautioned, however, that if he proceeds only as to the exhausted claims, with the intention of presenting the unexhausted claims to this court after they have been exhausted, he will run the risk that any such subsequent petition will not be considered by this court because it will be a second or successive petition. *See* 28 U.S.C. 2244(b).

should issue if jurists of reason would find debatable the correctness of the district court's ruling).

The Clerk is directed to enter judgment and close this case.


IT IS SO ORDERED.


_____/s/_____
Michael P. Shea, U.S.D.J.


Dated:        Hartford, Connecticut
              July 12, 2016